## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Inhalation Plastics, Inc.,**

        **Plaintiff,**                       **Case No. 2:07cv116**
                                              **JUDGE SMITH**
**v.**                                        **Magistrate Judge King**

**Medex Cardio-Pulmonary, Inc.,**

        **Defendant.**

### ORDER

        Plaintiff, Inhalation Plastics, Inc. ("IPI"), has brought this action against Defendant, Medex Cardio-Pulmonary, Inc. ("Medex"), asserting claims for breach of written contract and breach of oral contract. Medex has moved for dismissal of all claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, a stay until the parties submit to binding dispute resolution (Doc. 8). The motion is fully briefed and ripe for adjudication. For the reasons that follow, the Court **DENIES** Medex's Motion to Dismiss the breach of oral contract claim, and **GRANTS** Medex's Motion to Dismiss the breach of written contract claim.

### I.    FACTS

        IPI is an Illinois corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 1). Medex is an Ohio corporation with its principal place of business in Carlsbad, California. (*Id.* ¶ 3). In May 2002, Medex acquired IPI and its business operations. Pursuant to the acquisition, the

parties executed a master agreement, the Asset Purchase Agreement ("APA"), as well as several ancillary agreements, including a Machinery and Equipment Production Lease, a Real Property Lease Agreement, an Employment Agreement for Walter Levine, the owner of IPI, a Non-Competition and Confidentiality Agreement, and an Asset Purchase Agreement between Levine and Medex. Medex acquired IPI's business operations in exchange for future profit sharing from the revenue brought in by IPI's former product lines. (*Id*. ¶ 7).

Medex took possession of IPI's operations, and began employing IPI's previous employees for the manufacturing of its product lines. (*Id*. ¶ 8). In December 2004 Medex merged with Smiths Medical Holdco Limited ("Smiths Holdco"), a direct competitor to IPI's former product lines. (*Id*. ¶ 10). Around this time Medex ceased the manufacturing and distribution of IPI's product lines, assigning and transferring to Smiths Holdco all rights Medex held under the Asset Purchase Agreement. (*Id*. ¶ 10).

In March 2005 Medex advised IPI that Smiths Holdco would be taking control of IPI's former business. (*Id*. ¶ 34). IPI believed those actions constituted a breach of contract and informed Medex that it might seek legal relief. (*Id*. ¶ 35). Medex's President, Dominick Arena, requested IPI not disrupt the merger between Medex and Smiths Holdco. Following further objections to the merger in summer and fall 2005, Mr. Arena made an oral offer to Walter Levine, president of IPI and an employee of Medex after the acquisition. According to Mr. Levine, Mr. Arena stated that within the year (and prior to Mr. Arena's resignation as president of Medex) Medex would pay an amount between $7,000,000 and $10,000,000 in exchange for IPI's agreement to refrain from interfering with the Medex-Smiths arrangement. (*Id*. ¶¶ 37-38). In October or November 2005 IPI orally accepted Medex's offer (*Id*. ¶ 42). Medex did not make the payment prior to Mr. Arena's

- 2 -

resignation in March of 2006, and has not made payment since that time. (*Id*. ¶¶ 45-46).

On February 15, 2007, IPI brought suit against Medex, alleging that Medex breached the Asset Purchase Agreement and related agreements by assigning all rights and obligations under the contract to Smiths, moving and misplacing equipment and machinery, failing to provide IPI with financial statements, and failing to pay IPI agreed-upon rents. (Compl. ¶ 17-32). IPI also claims that Medex breached the oral agreement between Mr. Levine and Mr. Arena. (Compl. ¶ 46). IPI seeks as relief the cancellation of the APA and other agreements between the parties, the return of IPI's business and assets to IPI, damages in an amount commensurate with the harm caused that IPI it suffered as a result of Medex's breach of the APA, $7 million for breach of the oral contract, and costs, expenses, and attorney fees. (Compl. at 13).

Medex moves to dismiss IPI's claim for rents due upon the contract on the grounds that disagreements about payment of rents under the contract are governed by an arbitration clause in the APA. (Mot. to Dis. at 6). In the alternative, Medex requests a stay pending binding dispute resolution regarding the payment of rents. (*Id.*). Medex further moves to dismiss IPI's claim for breach of oral contract on the grounds that the oral agreement represents a modification of the existing APA, and such a modification is disallowed both according to the terms of the APA, and according to Ohio law. (Mot. to Dis. at 9).

## II. MOTION TO DISMISS STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

- 3 -

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155.

The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

The Federal Rules of Civil Procedure provide that a pleading for relief shall contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(6) must be read in conjunction with Rule 8(a). 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).[1] A "[p]laintiff's obligation to provide 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *LULAC v.*

---

[1]In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

*Bredesen*, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. 2007) (*citing Twombly*, 127 S. Ct. 1964-65).

"The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Id.* (*citing Twombly* at 1965). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.* (*citing Twombly* at 1969).

### III.   DISCUSSION

As an initial matter, Ohio law governs this dispute and this Court is an appropriate venue for Plaintiff's claims. The Asset Purchase Agreement executed by the parties provides:

> This Agreement, *and the legal relations between the parties*, *shall be governed by and construed in accordance with the laws of the state of Ohio*, without regard to conflicts of law doctrines . . . All actions or proceedings under *or relating to this Agreement* will be resolved in a state or federal court located in Franklin County, Ohio . . . Each party hereby (1) agrees to submit to the jurisdiction of the federal and state courts located in Franklin County, Ohio; (2) agrees to appear in any such action; (3) consents to the jurisdiction of such courts; and (4) waives any objections it might have as to venue in any such court.

Asset Purchase Agreement, Sec. 8.4 (emphasis added).

Plaintiff initially filed the instant suit in federal court in the Northern District of Illinois, Eastern Division. That court dismissed the action for improper venue, holding that the Asset Purchase Agreement "contains mandatory language, clearly indicating that actions based upon the agreement 'will be resolved' solely in Franklin County, Ohio." *IPI Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2007 WL 433110 (N.D. Ill. Feb 5, 2007). This Court agrees that the forum selection clause in the Asset Purchase Agreement governs this dispute.

Additionally, the Asset Purchase Agreement's choice of law provision is controlling.

- 5 -

Plaintiff's Count One, which asserts a claim for breach of the Asset Purchase Agreement, clearly arises under the Agreement. Though IPI's claim for breach of oral contract (Count Two) does not arise under the Asset Purchase Agreement, it is an action "relating to [the] Agreement" and concerns the "legal relations between the parties." Accordingly, the choice of law clause in the Asset Purchase Agreement operates to subject the claims to interpretation under Ohio law.

The Court first addresses IPI's breach of oral contract claim (Count Two).

### A. Breach of Oral Contract (Count Two)

IPI characterizes the spring 2005 conversations between Mr. Levine and Mr. Arena—in which Medex offered to pay IPI $7 million in exchange for IPI's forbearance from suit—as a new oral settlement agreement rather than a modification of the existing written contract between the parties. (Pl.'s Memo. in Opp. at 12). Medex characterizes the same interaction as a modification of the existing written agreement, which is impermissible both according to the written contract and according to Ohio law. (Mot. to Dis. at 9). Proper characterization of this agreement between the parties is crucial because IPI cannot simultaneously sue for breach of the written contract, and also sue for breach of an allegedly new oral contract that nullifies or replaces that written agreement.

This Court finds Medex's arguments unavailing. A subsequent agreement between contracting parties will be deemed a modification of existing rights under the contract when the modifications "leave[] the general purpose and effect of the subject matter intact . . . [and] do not substantially affect the general purpose and operation of the old contract." *Alfa-Laval, Inc. v. Cow Supply, Inc.*, 1990 WL 61743, *4 (Ohio App. 3 Dist.) (*quoting Ampt v. Cincinnati*, 1899 WL 749, *7 (Ohio Com. Pl. 1899)) (internal quotation marks omitted).

In the instant case, the general purpose and effect of the subject matter of the Asset Purchase

Agreement was to effect Medex's acquisition of IPI, and provide terms by which the parties would continue to share profits. (Mot. to Dis. at 2-3). The alleged oral contract required IPI's promise not to exercise its contractual right to sue for breach in exchange for a monetary payment from Medex. Thus, this alleged oral settlement contract, which destroyed the parties' fundamental contractual rights, substantially affected the general purpose and operation of the Asset Purchase Agreement. Consequently, the Court finds that the alleged oral contract is not a modification, but instead a new oral settlement agreement.

Notably, this Court is not holding that the oral contract Plaintiff alleges was created by Mr. Arena and Mr. Levine actually exists. The holding is simply that Plaintiff has alleged sufficient facts regarding the oral contract to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Should the case proceed, Plaintiff will have the burden of establishing the existence of the oral settlement agreement by clear and convincing evidence. *In re Rhoads*, 162 B.R. 485, 490 (Bkrtcy. N.D. Ohio, 1993) (*citing Anschutz v. Radiology Assocs. of Mansfield, Inc.*, 827 F.Supp. 1338 (N.D. Ohio 1993)).

Medex also argues that IPI's claim for breach of oral contract is barred by the Statute of Frauds. (Mot. to Dis. at 11). That argument, however, is premised on Medex's characterization of the conversation between Mr. Levine and Mr. Arena as a modification of the Asset Purchase Agreement. Because this Court holds that the Plaintiff has alleged sufficient facts regarding the creation of a new oral settlement agreement, the Statute of Frauds does not apply to the claim for breach of oral contract. The new oral contract is a settlement agreement, and thus does not fall within any of the categories enumerated in either Ohio's general Statute of Frauds, or the Statute of Frauds regarding personal property. (O.R.C. § 1335.5, § 1301.12 respectively).

- 7 -

**B. Breach of Written Contract (Count One)**

IPI alleges in Count I of its complaint that Medex breached the Asset Purchase Agreement and ancillary agreements by assigning all rights and obligations under the contract to Smiths, moving and misplacing equipment and machinery, failing to provide IPI with financial statements, and failing to pay IPI agreed-upon rents. (Compl. ¶ 17-32). The Court does not reach these claims. While IPI is free under the Federal Rules of Civil Procedure to plead in the alternative, it is not possible that Medex could be liable for breach of the written contract that IPI alleges has now been superseded and replaced by the oral agreement between Mr. Levine and Mr. Arena. If the oral settlement agreement exists, IPI no longer has the right to sue for breach of the Asset Purchase Agreement. If the oral settlement agreement does not exist, IPI retains its right to sue for breach of the Asset Purchase Agreement. Accordingly, the Court at this time **GRANTS** Medex's Motion to Dismiss the breach of written contract claim, and dismisses that claim without prejudice.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss the breach of oral contract claim (Count Two). The Court **GRANTS** Defendant's Motion to Dismiss the breach of written contract claim (Count One), and **DISMISSES** that claim without prejudice.

The Clerk shall remove Document 8 from the Court's pending motions list.

**IT IS SO ORDERED.**


  */s/ George C. Smith*

**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**