IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

INHALATION PLASTICS, INC.,

      Plaintiff,

  vs.                                  Civil Action 2:07-CV-116
                                        Judge Smith
                                        Magistrate Judge King

MEDEX CARDIO-PULMONARY, INC.,

      Defendant.

**OPINION AND ORDER**

The original complaint in this action asserted claims for breach of both a written asset purchase agreement and of a subsequent oral settlement agreement. In an *Opinion and Order* entered December 3, 2007, Judge Smith concluded that the two claims were inconsistent and dismissed, without prejudice, the claims based on the written agreement:

> [W]hile [plaintiff] is free under the Federal Rules of Civil Procedure to plead in the alternative, it is not possible that [defendant] could be liable for breach of the written contract that [plaintiff] alleges has now been superseded and replaced by the oral agreement. ... If the oral settlement agreement exists, [plaintiff] no longer has the right to sue for breach of the Asset Purchase Agreement. If the oral settlement agreement does not exist, [plaintiff] retains its right to sue for breach of the Asset Purchase Agreement.

*Order*, at p.8, Doc. No. 22.

This matter is now before the Court on plaintiff's motion for leave to file an amended complaint to assert a claim for breach of a written contract as an alternative to the claim for breach of the oral agreement. Doc. No. 27. The tendered proposed amended complaint specifically alleges that the claim based on breach of a written contract "is pleaded in the alternative only to the claim [based on breach of an oral contract], and will be dismissed if the relief requested by [plaintiff] in Count I above is granted to [plaintiff]." *Proposed Amended Complaint,* at ¶34.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend and provides, in part, that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2)(2007). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, a trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing parties by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court concludes that its discretion is better exercised in the grant of plaintiff's motion. As Judge Smith's express reasoning makes clear, plaintiff's claims of breach of a written and oral contract may be pled in the alternative. Moreover, because discovery in this action has only recently begun, the defendant is unlikely to suffer prejudice by reason of the proposed amendment. Indeed, the possibility of prejudice to both parties will be minimized by the grant of leave to amend at this stage of the proceedings.

Accordingly, plaintiff's motion for leave to amend the complaint, Doc. No. 27, is **GRANTED. The Clerk shall file the tendered amended complaint, attached to the motion.**

<u>April 2, 2008</u>                                        <u>s/Norah McCann King</u>
                                                Norah M$^c$Cann King
                                          United States Magistrate Judge