**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Inhalation Plastics, Inc.,**

      **Plaintiff,**                                               Case No. 2:07cv116
                                                               JUDGE SMITH
**v.**                                                                     Magistrate Judge King

**Medex Cardio-Pulmonary, Inc.,**

      **Defendant.**

## ORDER

Plaintiff, Inhalation Plastics, Inc. ("IPI"), has brought this action against Defendant, Medex Cardio-Pulmonary, Inc. ("Medex"), asserting claims for breach of written contract and breach of oral contract. The matter is now before the Court on Defendant Medex's Renewed Motion to Dismiss or Stay and Compel Binding Dispute Resolution (Doc. 35). Defendant has moved for dismissal of the Plaintiff's written contract claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, a stay of the claim until the parties submit to binding dispute resolution. The motion is fully briefed and ripe for adjudication. For the reasons that follow, the Court **DENIES** Defendant Medex's Motion to Dismiss or Stay and Compel Binding Dispute Resolution (Doc. 35).

### I. BACKGROUND

Much of the relevant factual background has been set forth in this Court's December 3, 2007 Order (Doc. 22), which denied Medex's April 27, 2007 motion to dismiss IPI's breach of oral contract claim, but granted the motion with respect to IPI's written contract claim,

dismissing that claim without prejudice. The factual background set forth in the Court's prior Order is incorporated herein. The Court's Order did not address Defendant Medex's arguments that Plaintiff's written contract claim was subject to mandatory, binding dispute resolution. Instead, the Court dismissed the written contract claim, holding that the oral contract, if proven to exist, would necessarily supersede the parties' written contract, thus requiring the dismissal of the written contract claim. Plaintiff IPI subsequently sought leave to amend its Complaint and reinstate the written contract claim by pleading it in the alternative to the oral contract claim. On April 2, 2008, Magistrate Judge King Granted IPI's motion for leave, and Plaintiff filed its Amended Complaint (Docs. 33 and 34). Defendant Medex's Renewed Motion to Dismiss seeks dismissal of the written contract claim asserted in the Amended Complaint, or alternatively, requests the Court to stay the written contract claim and compel the Plaintiff to submit its claim to the agreed-upon dispute resolution procedure. (*See generally,* Def.'s Renewed Mot. to Dis.).

## II. MOTION TO DISMISS STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155.

The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, or if the facts alleged

are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

The Federal Rules of Civil Procedure provide that a pleading for relief shall contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(6) must be read in conjunction with Rule 8(a). 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).[1] A "[p]laintiff's obligation to provide 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. 2007) (*citing Twombly*, 127 S. Ct. 1964-65). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Id.* (*citing Twombly* at 1965). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.* (*citing*

---

[1] In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

3

*Twombly* at 1969).

### III. DISCUSSION

Defendant Medex, citing to a provision in the Asset Purchase Agreement ("APA"), argues that the written contract claim should be dismissed because the parties agreed to submit the type of claim raised by Plaintiff to binding dispute resolution. (Def.'s Renewed Mot. to Dis. at 1). Alternatively, Defendant Medex requests that the Court stay the written contract claim and compel the Plaintiff to submit its claim to the agreed-upon dispute resolution procedure. (*Id.* at 2). Plaintiff IPI does not dispute the validity of the APA's alternative dispute resolution provision, but instead argues that it is narrow in scope and that its written contract claim does not fall within the provision's ambit. (Pl.'s Memo. in Opp. at 3-9). For the following reasons, the Court agrees with Plaintiff IPI that the written contract claim asserted in Count Two of the Amended Complaint is not within the arbitration provision's scope.

The at-issue provision, 2.1.3, titled "Audit of Production Lease Payments," provides in pertinent part:

> In addition to receipt of monthly reports of product sales and quarterly financial statements of Buyer [Medex] without charge to Seller [IPI], Seller shall be entitled, at Seller's election and at Seller's expense, to review, audit or examine the books and records of Buyer ("Seller's Review") in which information related to Production Lease Payments is recorded, together with any of Buyer's records supporting its entries in those books to confirm such information . . . . In the event that Buyer and Seller are unable to agree on the amount due for any Production Lease Payment to be paid hereunder, Buyer shall pay to Seller that portion of the respective Production Lease Payment that is not in dispute, and only that portion of any amount alleged to be owed by Buyer to Seller shall be submitted for final resolution to the Columbus, Ohio office of PriceWaterhouseCoopers, LLP (the "Independent Accountants"). . . . The Independent Accountants shall make such final determination on the basis of such procedures as the Independent Accountants, in their sole judgment, deem applicable and appropriate, taking into account the nature of the issues, the amount(s) in dispute and the respective positions asserted by the parties. The

> Independent Accountants shall review the disputed matters as promptly and as practicable deliver to Seller and Buyer a statement in writing setting forth their determination as to the disputed amount. Such determination shall be final and binding upon the parties without and further right of appeal. Buyer and Seller agree that a judgment of any state or federal court of competent jurisdiction may be rendered upon any determination made by the Independent Accountants pursuant to this Section.

(Def.'s Renewed Mot. to Dis., Ex. A, Sec. 2.1.3). Thus, the provision allows for Plaintiff IPI to review Defendant's books and records, and if based upon this review, Plaintiff disputes the amount they have been paid by Defendant Medex (the Production Lease Payment amount), then Defendant was to pay the amount not in dispute, and the disputed amount would be submitted to final, binding arbitration before the Columbus, Ohio office of PriceWaterhouseCoopers, LLP.

Plaintiff IPI contends, and the Court agrees, that the arbitration provision does not extend beyond disputes concerning the amount calculated and due for the Production Lease Payment. (Pl.'s Memo. in Opp. at 4). This conclusion is supported by the plain language of the provision and also by: APA, Sec. 8.4, which provides that "[a]ll actions or proceedings under or relating to this Agreement will be resolved in a state or federal court located in Franklin County, Ohio . . ."; APA, Sec. 8.9, which provides that "[a]ll rights and remedies existing under this Agreement are cumulative to, and no exclusive of, any rights and remedies otherwise available . . ."; and Section 18 of the Machinery and Equipment Production Lease, which also expressly allows Plaintiff IPI to sue for breach of contract.

Defendant Medex does not specifically challenge Plaintiff's contention, but instead maintains that the "true nature" of Plaintiff's written breach of contract claim places it within the arbitration provisions's scope. Defendant explains, "Regardless of the reason for Medex CP's alleged failure to make proper Production Lease payments, Plaintiff's claim still seeks damages

in an amount equal to what it allegedly should have received in Production Lease payments." (Def.'s Reply at 1).

Plaintiff IPI disputes Defendant's characterization, noting that it is not asserting that Defendant Medex breached the written contract by miscalculating the amount of the Lease Production Payment, but rather, it claims that Defendant breached its contract by assigning the IPI business to a third party. (Pl.'s Memo. in Opp. at 1-2). Plaintiff explains that the payment it was to ultimately receive from Defendant Medex was tied to revenues and profits earned by Medex based upon sales of products in the IPI product line. (Am. Compl. ¶ 37). Defendant Medex did not manufacture or sell any products that competed with the IPI product lines. (*Id*.). The anti-assignment clause provided protection against an assignment made to a competitor that made competing products, which could diminish the consideration IPI was to receive under the agreement. (*Id*.). Plaintiff alleges that Defendant's assignment to Smiths Medical ASD led to the decrease in the manufacture and sale of IPI product lines because Smiths Medical ASD was and is a manufacturer that sold and sells product lines that directly compete with some of the IPI product lines. (*Id*. at ¶¶ 38, 41). Consequently, even if Plaintiff was satisfied that the Lease Production Payment was properly being calculated, Plaintiff alleges that it would have received a higher payment if the anti-assignment clause had not been breached. (*See Id*. at Count Two, ¶¶ 33-47).

The Court finds that the APA's arbitration provision was narrow in scope, and applied only to accounting disputes over the calculation of the amount Lease Production Payment. Put another way, the clause would be triggered if upon review, audit or examination of Defendant Medex's books and records, Plaintiff concluded that Defendant was not properly calculating the

6

payment per the agreed upon formula. Plaintiff is not contesting that the numbers were improperly crunched or that there was some type of accounting error, but instead alleges that the numbers that were plugged into the agreed upon formula were less favorable to Plaintiff because of the alleged breach of the assignment clause. The APA's arbitration provision does not require arbitration of disputes over whether an assignment was made in breach of contract or whether such an assignment resulted in monetary harm to Plaintiff IPI.

Accordingly, the Defendant Medex's Motion to Dismiss or Stay and Compel Binding Dispute Resolution is **DENIED.**

## IV. CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Defendant Medex's Motion to Dismiss or Stay and Compel Binding Dispute Resolution (Doc. 35).

The Clerk shall remove Document 35 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                         */s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**