IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**INHALATION PLASTICS, INC.,**

      **Plaintiff,**

   v.                                               Civil Action 2:07-cv-116
                                                       Judge Michael H. Watson
                                                       Magistrate Judge Jolson

**MEDEX CARDIO-PULMONARY, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court upon referral (Doc. 321) for consideration of the Motion for an Award of Attorneys' Fees and Expenses and for Taxation of Costs filed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure by Defendants Medex Cardio-Pulmonary, Inc. ("Medex CP") and Smiths Medical ASD, Inc. ("Smiths Medical"). (Doc. 332). For the reasons set forth below, it is recommended that the Motion be DENIED without prejudice as prematurely filed.

    **I.**      **BACKGROUND**

Defendants move for an award of attorney's fees and non-taxable expenses against Inhalation Plastics, Inc. ("IPI") based upon their position that they are prevailing parties on the following claims in Plaintiff's Third Amended Complaint: breach of oral settlement agreement (Count I), breach of contract based on written anti-assignment clauses (Count II), and successor liability (Count III). (Doc. 332 at 1–2). IPI opposes Defendants' Motion. (Doc. 338).

## II. DISCUSSION

Although this case has a long and complicated history, the Court focuses its attention on the two issues raised in the briefs on Motion for an Award of Attorneys' Fees and Expenses and for Taxation of Costs:  (1) whether Defendants properly filed the Motion under Rule 54(d) of the Federal Rules of Civil Procedure and (2) whether Defendants are prevailing parties.

### A. The Propriety of the Rule 54(d) Motion

Rule 54(d) provides, in relevant part:

(1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party…. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

(2) *Attorney's Fees.*
(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
(i) be filed no later than 14 days after the entry of judgment;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

According to Plaintiff, "Sixth Circuit authority is clear:  Fed. R. Civ. P. 54(d) cannot serve as a vehicle for a party seeking attorney's fees and related nontaxable expenses pursuant to a contract:  *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138, 1996 WL 616677, at *7-*9 (6th Cir. Oct. 24, 1996)."  (Doc. 338 at 3–4).  Plaintiff argues that Defendants improperly filed a Rule 54(d) motion because they seek contract-based fees and expenses that must be plead and proven "as an element of damages at trial."  (*Id*. at 4).

At an initial matter, Plaintiff overstates the Sixth Circuit's holding in *Clarke*, 1996 WL 616677.  That is, *Clarke* did not resolve the "split of authority over whether attorney's fees

2

mandated by a contract should be decided by a judge or a jury" because the parties in that case stipulated "that the issue of attorney's fees would be resolved after trial."  *Escue v. Sequent*, No. 2:09-cv-765, 2015 WL 470838, at *6 (S.D. Ohio Feb. 4, 2015) (citing *Clarke*, 1996 WL 616677 at *7).  As the Court observed in *The Scotts Co. v. Central Garden & Pet Co.*, 256 F. Supp. 2d 734, 748 n.4 (S.D. Ohio 2003), it is erroneous to rely on "*Clarke* for the proposition that the jury is to decide whether attorney fees are recoverable under a contract."  Rather, the Sixth Circuit in *Clarke* expressly stated that it "need not decide this issue for the circuit here . . . given the parties' stipulation in this case to let the judge resolve the question."  *Id*. (citing *Clarke*, 1996 WL 616677, at *8).

For their part, Defendants do some overstating of their own—characterizing all of the relevant claims as being derived from a written contract subject to a mandatory fee-shifting provision.  (*See* Doc. 345 at 6 (arguing that the Motion involves a "pure question of law—interpretation of a contractual fee-shifting mechanism"); (Doc. 332 at 2 (arguing that Counts I through III of the Third Amended Complaint "are subject to written, mandatory fee-shifting agreements between IPI and Medex CP")).  With respect to Count I of the Third Amended Complaint, the Sixth Circuit held that "the district court properly entered summary judgment in favor of Medex/Smiths … because there was no oral contract…." (Doc. 322 at 15).  As Plaintiff argues, Defendants are thus in the peculiar position of seeking contractually based fees and expenses for prevailing on their claim that no contract existed.  (Doc. 338 at 4, n.2 ("By definition, the contractually-based fees they are seeking could not have arisen out of a contract that the Court has held did not exist, and certainly do not arise from a written contract that was not even a part of Count I.")).

Perhaps realizing this, Defendants pivot in their Reply and argue that "even if Rule 54(d)(2) were not the proper vehicle for the Motion, the Court may consider the merits of the

Motion regardless of its title." (Doc. 345 at 5). Stated another way, Defendants assert "whether [they] request their attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2)(A) or some other vehicle, their prevailing party status as to Counts I and II[1] and their entitlement to attorney's fees pursuant to contract remains the same." (*Id*. at 6). Defendants fail to provide an explanation of what the "other vehicle" for the Motion may be, and this Court is highly reluctant to award attorneys' fees without a precise basis for doing so. At this stage of the litigation, however, Defendants' failure is without consequence, because, as explained below, the Motion is premature.

### B. Whether Defendants Are Prevailing Parties

In support of their Motion, Defendants quote two contractual provisions, which provide the following:

> From the Asset Purchase Agreement ("APA"):
>
> 8.12   <u>Expenses and Attorneys' Fees.</u> … In the event of any action for the breach of this Agreement or misrepresentation by any party, the prevailing party shall be entitled to reasonable attorneys' fees, costs and expenses incurred in such action. (Doc. 332-1 at 23–24).
>
> \* \* \*
>
> From the Machinery and Equipment Production Lease ("MEPL"):
>
> 18. REMEDIES. … Also, the non-prevailing party shall pay the prevailing party all costs and expenses (including legal fees and costs and fees of collection agencies) incurred by the prevailing party in enforcing any of the terms, conditions or provisions of this Lease. (Doc. 332-2 at 7).

Even assuming that these provisions are applicable (which is unlikely as to Count I as noted above), there is a fundamental disagreement as to who is the "prevailing" party under them.

Defendants argue that they have prevailed substantially in this case because they obtained summary judgment, affirmed on appeal, on Plaintiff's "two most valuable claims for breach of

---

[1] In their Motion, Defendants claim they are prevailing parties as to Count III (*see, e.g.*, Doc. 332 at 2), but in Reply, they refer to Counts I and II (*see, e.g.*. 345 at 1–2, 6–7).

4

alleged oral contract (IPI's Count I) and breach of written contractual anti-assignment clauses (portion of IPI's Count II)." (Doc. 345 at 1). Conversely, Plaintiff argues that "Defendants have prevailed at nothing that entitles them to relief under Rule 54(d)," and it too has "also prevailed by summary judgment as to certain claims, including the trumped-up 'fraud' claims." (Doc. 338).

There is no dispute that numerous claims remain in this case, such as alleged breach of contract unrelated to the anti-assignment provisions (Count II of the Third Amended Complaint), successor liability for claims unrelated to the alleged breaches of oral contract and the anti-assignment provisions (in Count III of the Third Amended Complaint), and breach of contract against IPI (Counterclaim I). Put simply, much of this case is unresolved. As the Sixth Circuit has noted, "'[i]t is generally true that status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way.'" *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131 n.2 (6th Cir. 2007) (quoting *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 714 (8th Cir. 1997)). That adage is particularly true here where the parties dispute vigorously the value of the claims resolved on summary judgment, and the true worth of those claims cannot be assessed without resolution of the remainder of the case. *Compare* (Doc. 345 at 1) (Plaintiff arguing it succeeded on its "two most valuable claim") *with* (Doc. 338 at 1) (Defendants arguing they prevailed on "trumped-out fraud claims"). The victories—and defeats—each side has had accordingly need to be put into context, and that context comes only with resolution of this entire case.

In light of this procedural posture, the Court finds it the better exercise of discretion to defer ruling on fees and expenses at this time. *See Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 2:06-cv-126, 2010 U.S. Dist. LEXIS 21689, at *11–12 (S.D. Ohio Feb. 17, 2010) ("Like most courts, this Court prefers to consider motions for attorneys' fees after rendering final judgment

on the merits of the case. Because the Court has not yet entered judgment in this case, the Court presently declines to consider the issue of attorneys' fees, if any."); *see also id.* at *11 (noting that "the timing of motions for attorneys' fees under Fed. R. Civ. P. 54(d) lie[s] within the discretion of the Court."). Accordingly, the undersigned recommends that the Motion for an Award of Attorneys' Fees and Expenses and for Taxation of Costs filed pursuant to Rule 54(d) be DENIED without prejudice as prematurely filed. (Doc. 332).

Finally, if any party opts to file a motion for fees and costs once additional claims have been resolved, that party must make clear the nature of the claims pursuant to which such fees and costs are sought and whether the request is pursuant to Rule 54 or some other vehicle. If the motion is based on some other vehicle, the party must provide legal support demonstrating that the Court may award the requested fees and expenses on that basis. Further, any such motion should include an analysis of the law relevant to a determination of who is a "prevailing party" under the relevant contractual provisions. *See, e.g.*, *Escue*, 2015 WL 470838, at 2–5.

### III. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that the Motion for an Award of Attorneys' Fees and Expenses and for Taxation of Costs filed pursuant to Rule 54(d) be DENIED without prejudice as prematurely filed. (Doc. 332).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  December 1, 2016                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE